# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DOLORES ANN BRIGHT,**

      Plaintiff,

v.                                                                                      Case No: 6:17-cv-131-Orl-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

      Defendant.

---

# MEMORANDUM OF DECISION

Dolores Ann Bright (Claimant) appeals the Commissioner of Social Security's final decision denying her application for disability benefits. Doc. 1. Claimant argues that the Administrative Law Judge (the ALJ) erred by: 1) failing to comply with Social Security Ruling 12-2p when evaluating whether Claimant's fibromyalgia is a severe impairment; and 2) by not including Claimant's need for an assistive device in the residual functional capacity (RFC) determination and, consequently, in the hypothetical to the vocational expert (VE). Doc. 21 at 15-19, 23-25. Claimant argues that the matter should be reversed and remanded for further proceedings. *Id*. at 27. The Commissioner argues that the ALJ committed no legal error and that her decision is supported by substantial evidence and should be affirmed. *Id*. at 19-23, 25-27. The Court finds that Claimant's second assignment of error is meritorious and, thus, finds that the Commissioner's final decision is due be **REVERSED** and **REMANDED** for further proceedings.

## I.     Procedural History

This case stems from Claimant's application for disability insurance benefits (DIB), in which she alleged a disability onset date of May 20, 2011. R. 273-76. Claimant's application was

denied on initial review and on reconsideration. The matter then proceeded before an ALJ. The ALJ held a hearing, at which Claimant and her representative appeared. R. 38-101. The ALJ entered her decision on August 13, 2015, and the Appeals Council denied review on November 29, 2016. R. 1-3, 13-28. This appeal followed.

**II.     The ALJ's Decision**

The ALJ found that Claimant's date last insured was March 31, 2014 and that she did not engage in any substantial gainful activity between her alleged onset date, May 20, 2011, through her date last insured, March 31, 2015. R. 15.

The ALJ found that Claimant suffered from the following severe impairments: obesity; modest arthritis of cervical and lumbar spine without neuropathy; modest arthritis of the knees and hips; status post bilateral hip surgery for onset of avascular necrosis 2013; and history of bilateral cubital tunnel syndrome. R. 15. The ALJ also found that Claimant suffered from the following non-severe impairments: fibromyalgia; depression; and anxiety. R. 16. The ALJ, however, determined that none of the foregoing impairments, individually or in combination, met or medically equaled any listed impairment. R. 17-18.

The ALJ next found that Claimant had the following residual functional capacity through the date last insured:

> [The claimant could] lift and/or carry up to 25 pounds frequently and 50 pounds occasionally. She could stand and/or walk for a total of 4 hours and sit for 6 hours in an eight-hour day. She could occasionally climb ladders, ropes or scaffolds. She could occasionally climb stairs or ramps, but never ropes and ladders.[1] She can occasionally kneel, crouch, balance and stoop. She cannot crawl or bend more than

---

[1] The Court notes that the RFC determination is internally inconsistent because it first limits Claimant to occasional climbing of ropes and ladders and then limits Claimant to no climbing of ropes and ladders. There is no argument that this inconsistency has resulted in any error, and the Court finds that no error has occurred because of this inconsistency. The ALJ will have an opportunity to correct this inconsistency on remand.

> 90 degrees at the waist. She is able to work at heights occasionally. She can perform continuous reaching at the waist and above shoulder level. She can perform continuous, handling and frequent fingering. She must avoid exposure to moving mechanical parts.

R. 18. In light of this RFC, the ALJ found that Claimant was able to perform her past relevant work as an optometric assistant as well as other work in the national economy. R. 26-28. Thus, the ALJ concluded that Claimant was not disabled between her alleged disability onset date, May 20, 2011, through her date last insured, March 31, 2014. R. 28.

## III. Standard of Review

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV. Analysis

This case centers on the denial of Claimant's application for DIB. A claimant seeking DIB is eligible for such benefits where she demonstrates disability on or before her date last insured.

*Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Thus, Claimant was required to demonstrate that she was disabled on or before her date last insured, March 31, 2014. *Id.* The Court, bearing this in mind, turns to Claimant's arguments.

Claimant argues that the record contains several medical opinions directing her to use a cane to ambulate and that the ALJ failed to consider all of those opinions in reaching her RFC determination. Doc. 21 at 23-24. Claimant contends that these opinions establish that she must use a cane to ambulate and, thus, the ALJ erred by failing to include such a limitation in her RFC determination and hypothetical to the VE. *Id*. at 24-25.

The Commissioner notes that the medical examiner who testified during the hearing did not opine that Claimant needed to use a cane to ambulate. *Id*. at 26-27. Thus, the Commissioner argues that the ALJ's decision to not include a cane limitation in her RFC determination is supported by substantial evidence. *Id*.

The ALJ assesses the claimant's RFC and ability to perform past relevant work at step four of the sequential evaluation process. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. § 404.1546(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining and non-examining medical sources. *See* 20 C.F.R. § 404.1545(a)(3); *see also Rosario v. Comm'r of Soc. Sec.*, 490 F. App'x 192, 194 (11th Cir. 2012).

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and

explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. § 404.1527(c).

A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary. *See* 20 C.F.R. § 404.1527(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence); *see also Winschel*, 631 F.3d at 1179. There is good cause to assign a treating physician's opinion less than substantial or considerable weight, where: 1) the treating physician's opinion is not bolstered by the evidence; 2) the evidence supports a contrary finding; or 3) the treating physician's opinion is conclusory or inconsistent with the physician's own medical records. *Winschel*, 631 F.3d at 1179.

The ALJ must state the weight assigned to each medical opinion, and articulate the reasons supporting the weight assigned to each opinion. *Winschel*, 631 F.3d at 1179. The failure to state the weight with particularity or articulate the reasons in support of the weight prohibits the Court from determining whether the ultimate decision is rational and supported by substantial evidence. *Id*.

During the relevant period, Claimant suffered from a variety of joint impairments, including avascular necrosis of the right hip and osteoarthritis of the left hip. A month after the alleged onset date, on June 24, 2011, Claimant treated with Dr. Charles Kollmer, an orthopedic surgeon. R. 497. Dr. Kollmer noted Claimant's hip impairments and directed her to "ambulate with . . . a cane particularly if she is out of the house." *Id*.

On April 10, 2013, Dr. Alvan Barber conducted a one-time physical evaluation of Claimant. R. 550-60. Dr. Barber noted Claimant's hip impairments and opined, in relevant part, that use of an assistive device was medically necessary. R. 555-56, 560.

On December 9, 2013, Claimant had surgery to replace her right hip. R. 603-04.

Several weeks before Claimant's date last insured, on March 3, 2014, Claimant treated with Dr. Kollmer. R. 666. During that visit, Claimant reported that she was walking better after her surgery but still used a cane to ambulate. *Id*. Dr. Kollmer directed Claimant to "continue ambulating with her cane." *Id*.

Several months after Claimant's date last insured, she had surgery to replace her left hip. R. 786.

The ALJ discussed Dr. Kollmer's opinion that Claimant use a cane and gave it little weight. R. 19. Specifically, the ALJ explained that "[w]hile the claimant may have needed an assistive device during the period leading up to and immediately following her hip replacements, records show that the functional limitations are not as limiting as she alleged and she subsequently reported that she only used the cane in the house." R. 19. The ALJ, however, did not expressly address Dr. Barber's opinion concerning Claimant's need for a cane, nor did the ALJ appear to address Dr. Kollmer's second opinion concerning Claimant's use of a cane. *See* R. 19-26.

The record contains three medical opinions from the relevant period recommending that Claimant use a cane or some other assistive device to ambulate. R. 497, 556, 560, 666. The ALJ, however, appears to have only weighed the first of these opinions, which was rendered by Dr. Kollmer. R. 19. The Commissioner does not argue that the weight the ALJ assigned to Dr. Kollmer's first opinion is supported by substantive evidence. *See* Doc. 21 at 25-27. Instead, the Commissioner argues that the ALJ's decision to not include a cane limitation in her RFC determination is supported by the medical examiner's testimony at the hearing. *Id*. at 27. This argument, however, does not account for the ALJ's failure to weigh Dr. Barber's opinion and Dr. Kollmer's second opinion and the repercussions that such a failure had on the ALJ's decision to

- 6 -

not include a cane limitation in her RFC determination. Thus, the Court finds the Commissioner's argument unpersuasive.

The ALJ's failure to weigh Dr. Barber's opinion and Dr. Kollmer's second opinion constitutes reversible error. *Winschel*, 631 F.3d at 1179. Further, the Court finds this error is not harmless because the opinions, which cover the entire relevant period, demonstrate that Claimant was consistently directed to use a cane, even after her first hip replacement surgery. The Court notes that the ALJ appears to have considered the effectiveness of both hip replacement surgeries in assigning Dr. Kollmer's first opinion little weight. This reasoning, however, ignores two key facts: 1) Dr. Kollmer directed Claimant to continue using a cane after her first hip replacement surgery; and 2) the second hip replacement surgery occurred well outside the relevant period. The improvement Claimant experienced after the second hip replacement surgery is irrelevant in determining whether Claimant proved that she needed to use a cane during the relevant period. The medical opinions discussed above would support a cane limitation, but the Court cannot say whether the ALJ erred by omitting such a limitation in her RFC determination because the ALJ did not expressly weigh Dr. Barber's opinion and Dr. Kollmer's second opinion concerning Claimant's need for a cane. Thus, the Court finds that the case should be reversed and remanded for further proceedings so the ALJ can expressly weigh each of the opinions concerning Claimant's need for a cane.[2]

---

[2] This issue is dispositive, and, therefore, there is no need to address Claimant's remaining argument concerning the ALJ's alleged failure to comply with SSR 12-2p. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (no need to analyze other issues when case must be reversed due to other dispositive errors). That said, on remand, the ALJ should follow SSR 12-2p when considering whether Claimant suffers from a severe impairment of fibromyalgia.

## V. Conclusion

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida on July 25, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties